UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>      Plaintiff,<br>  v.<br>BRANDON DEAN,<br>      Defendant. | No. 2:06-cr-00494-MCE<br><br>**ORDER** |

----oo0oo----

Defendant Brandon Dean asks that he be released on bail, pursuant to 18 U.S.C. § 3143, pending appeal of his felony convictions. Defendant asserts that his appeal will likely result in reversal of these convictions.

For the reasons set for below, Defendant's motion will be denied.

**BACKGROUND**

On August 4, 2009, Defendant Brandon Dean was found guilty of Conspiracy to Commit Bank Fraud, 18 U.S.C. § 371 (Count One) and Bank Fraud, 18 U.S.C. § 1344 (Count Six).

1

On January 28, 2010, this Court sentenced Defendant to one year and one day in federal custody.  On February 2, 2010, the Court entered judgment against Defendant and ordered him to surrender for service of sentence on February 25, 2010.  On February 7, 2010, Defendant filed a notice of appeal.  The present motion was filed on February 23, 2010.

## ANALYSIS

Under 18 U.S.C. § 3143, a party moving for bail pending appeal must meet two requirements: (1) the person will not flee or pose a danger to the safety of any other person or the community if released; and (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b).

Dean alleges that he is not likely to flee nor does he pose a danger to any person in the community if released.  The government does not challenge those assertions.

Dean further contends that the appeal raises substantial questions of fact and law related to his conviction and sentencing.  According to Dean, "this Court erred in its efforts to assist the jury in determining which facts were intended by the government to establish particular charged offenses [and] the Court erred in answering a jury question."  Mot. for Bail Pending

Appeal 4:22-24. The government challenges these assertions, and claims that Defendant has failed to show a substantial question of law that will result in reversal or an order for a new trial.

"'Substantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." <u>United States v. Handy</u>, 761 F.2d 1279, 1280 (9th Cir. 1985) (emphasis previously added). "A 'substantial question' is one that is fairly debatable or fairly doubtful." <u>United States v. Wheeler</u>, 795 F.2d 839, 840 (9th Cir. 1986).

Here, Defendant has not met this burden. Defendant asserts that the requisite substantial question exists because of the Court's response to a jury question, and appears to reference interaction between the Court and the jury on August 3, 2009. At that time, the jury sent a note to the Court asking for further explanation as to the acts and dates supporting specific counts. The Court responded with information that had already been disclosed to the jury.

The Court limited its response in that regard so as to not improperly influence the jury. Under the circumstances present, the Court does not believe said response raises any substantial issue that will likely result in either reversal or an order for a new trial.

///
///
///
///
///

**CONCLUSION**

For the reasons stated above, the Motion for Bail Pending Appeal (Docket No. 167) is DENIED.

IT IS SO ORDERED.

Dated: March 25, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE